```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Benjamin Hendricks,              :

     Plaintiff,               :


     v.                       :     Case No. 2:12-cv-729

                              :     JUDGE MICHAEL H. WATSON
John Kasich, et al.,                   Magistrate Judge Kemp

     Defendants.              :

<u>OPINION AND ORDER</u>

Plaintiff Benjamin Hendricks, a former Ohio inmate currently residing in Tennessee, has filed a motion to reopen this civil rights action brought under 42 U.S.C. §1983. Briefly, on May 21, 2014, Mr. Hendricks filed a motion to voluntarily dismiss this action. On July 24, 2014, the Court issued a Report and Recommendation recommending that Mr. Hendricks' unopposed motion be granted. The Report and Recommendation was adopted by order dated November 25, 2014, and this case was dismissed without prejudice on that date.

Mr. Hendricks filed his motion to reopen on October 5, 2015. The motion states, in its entirety:

> The Plaintiff, Mr. Hendricks, respectfully requests this Court to reopen this case. The case was voluntarily withdrawn under Rule 41 and officially closed in November 2014. The Plaintiff now wishes to reopen this matter. The Plaintiff wishes to use the last amended complaint filed with this Court and respectfully requests a copy of said amended complaint be sent to him at the address below.

Defendants make two arguments in opposing Mr. Hendricks' motion. First, defendants contend that, prior to his request to voluntarily dismiss this action, in an order issued May 16, 2014

(Doc. 41), the Court had directed Mr. Hendricks to file an amended complaint consistent with the terms of that order. Because Mr. Hendricks did not file an amended complaint as directed, defendants assert that there is no proper complaint before this Court.  Further, defendants assert that, shortly after his move to Tennessee, Mr. Hendricks was arrested and remains in custody.  As a result, defendants explain, the Court has no personal jurisdiction over Mr. Hendricks.  This latter argument is so completely without legal support - Mr. Hendricks is, after all, a plaintiff invoking the jurisdiction of the Court and not a defendant who must have sufficient minimum contacts with Ohio in order to support jurisdiction - that the Court will not address it further.

In reply, Mr. Hendricks notes that the defendants filed their response two days late, and asserts that they have waived any right to object to the reopening of this case. Additionally, Mr. Hendricks explains that he knows that the most recently filed complaint needs to be corrected to comply with the Court's order.  He asks for leniency on this issue and states that he requested a copy of the complaint to make the corrections.  He also seeks a 30-day extension to do so. Finally, he wants the Court to "issue a warning to defense counsel for knowingly presenting false information, or only part to the correct information, to this Court."  In closing, Mr. Hendricks requests the following relief, stated here verbatim:

    1)    Copy of the most recent Complaint and Order granting in part that Complaint

    (2)    30 days after receipt of that Complaint and Order to comply with the Order

    (3)    Issue a warning to defense counsel about false information

    (4)    Appoint counsel

>    (5) Alternatively, re-open case and issue a stay and abeyance until 30 days after Plaintiff resolves Tennessee issues and returns to Ohio or allowed to go home in Tennessee.

Mr. Hendricks does not say which procedural ground he is relying on in seeking to reopen his case. Although courts frequently construe motions to reopen as motions for relief from judgment under Fed.R.Civ.P. 60(b), Mr. Hendricks does not address any of the factors relevant to such a motion. Rather, his motion suggests that he is now ready to pursue claims he had previously sought to have voluntarily dismissed for health reasons. This understanding is consistent with Mr. Hendricks' discussion of the Ohio savings statute in his motion to voluntarily dismiss his complaint without prejudice.

   A Rule 60(b) motion is not the correct procedural mechanism for refiling a case after a voluntary dismissal has been taken. Rather, the proper way to proceed is simply to file a new complaint. Given Mr. Hendricks' *pro se* status, the Court will construe Mr. Hendricks' motion to reopen as his attempt to comply with the savings statute and to pursue his claims by way of a new civil action. Further, the Court will construe this new action as having been filed as of the date of the filing of his motion. See, e.g., Miller v. Norris, 247 F.3d 736, 739 (8th Cir. 2001) (finding pro se prisoner's mistake in filing a motion to reinstate his case as not fatal and construing filing liberally to be treated as initiating a new action).

   The statute of limitations applicable to claims arising under 42 U.S.C. §1983 is the two-year statute of limitations found in Ohio Revised Code §2305.10. Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989). Mr. Hendricks' claims, predating the filing of his original complaint in 2012, are clearly more than two years old. However, when applying a state's statute of

limitations, this Court is required to use the state's procedural rules affecting that statute of limitations. <u>Coleman v. Department of Rehabilitation and Corrections</u>, 46 Fed.Appx. 765 (6th Cir. 2002). Consequently, the Court will consider whether the Ohio savings statute, as cited by Mr. Hendricks previously, works to preserve his claims here.

That statute, Ohio Rev. Code 2305.19 provides:

> In any action that is commenced or attempted to be commenced, if in due time a judgment or the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff, or if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. ...

Voluntary dismissal of an action under Rule 41(a)(2) is considered by courts to constitute a failure otherwise than on the merits. <u>See</u> <u>Cooper v. City of Westerville, Ohio</u>, 2014 WL 617650, *5 (S.D. Ohio Feb. 18, 2014). Further, the savings statute applies where "'an action is timely commenced and is then dismissed without prejudice after the applicable statute of limitations has run.'" <u>Harris v. U.S.</u>, 422 F.3d 322, 331 (6th Cir. 2005), <u>quoting</u> <u>Lewis v. Connor</u>, 21 Ohio St.3d 1 (1985). Additionally, it applies when "'[t]he original suit and the new action are substantially the same.'" <u>American Premier Underwriters, Inc. v. General Electric Co.</u>, 900 F.Supp.2d 753, 758 (S.D. Ohio 2012), <u>quoting</u> <u>Children's Hospital v. Ohio Dept. of Public Welfare</u>, 69 Ohio St.2d 523 (1982).

In Mr. Hendricks' original case, the Court granted his motion to dismiss on November 25, 2014. This was after the expiration of the statute of limitations. Mr. Hendricks had one year from that date to initiate a new action. Mr. Hendricks filed his current motion on October 5, 2015, within the one-year

-4-

deadline. The nature of Mr. Hendricks' motion indicates his intention to pursue the same claims from his original case. Under these circumstances, the Court finds that the Ohio savings statute is applicable. Defendants do not argue otherwise, and that conclusion is dispositive of the present motion. Consequently, the motion to reopen, construed as set forth above, will be granted to this extent.

Turning to Mr. Hendricks' additional requests for relief, to the extent he seeks the appointment of counsel, because this action has not yet progressed to the point that the Court is able to evaluate the merits of plaintiff's claims, such request is denied. See Mars v. Hanberry, 752 F.2d 254 (6th Cir. 1985). Further, the Court notes that Mr. Hendricks has requested copies of certain documents including the most recent complaint and the Court's order on amendment. The Clerk's office has procedures for obtaining copies of documents and Mr. Hendricks should contact that office directly for information regarding copying fees.

For the reasons stated above, Mr. Hendricks' motion to reopen (Doc. 48), construed as the filing of a new action, is granted. The Clerk shall open a new civil action. The effective filing date of that action is October 5, 2015. A copy of the motion to reopen and all subsequent filings in this case, including this Opinion and Order, shall be docketed in the newly-filed case. Mr. Hendricks shall file a complaint under the new case number within 30 days of the date of this order. He is responsible for paying the filing fee for that action, which he should do within thirty days, and for serving the complaint on the defendants, unless he applies for and is granted *in forma pauperis* status. Mr. Hendricks should contact the Clerk's office regarding his request for copies of any prior filings in this case.

<u>MOTION FOR RECONSIDERATION</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge
