```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Benjamin Hendricks,

    Plaintiff,

    v.                       Case No. 2:15-cv-3130

Gary Mohr, et al.,

    Defendants.

OPINION AND ORDER

This is an action brought pursuant to 42 U.S.C. §1983 by plaintiff Benjamin Hendricks, a former Ohio state prison inmate, against Gary C. Mohr, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), other ODRC officials, prison health care providers, and fifty John/Jane Doe defendants. Plaintiff filed his original complaint on August 10, 2012. See Case No. 2:12-cv-729. Plaintiff alleged that defendants violated his Eighth Amendment rights by refusing to provide medical treatment for various health problems, including diversion colitis,[1] a condition discovered during plaintiff's recovery from a 2009 hernia repair. On May 21, 2013, a majority of the claims in the complaint were dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915A. On September 6, 2013, plaintiff filed a motion for leave to amend his complaint,

---

[1] Diversion colitis is the "inflammation of a segment of distal colon that has been disfunctionalized by diversion of the fecal stream by subtotal colectomy [excision of a portion of the colon]; it may be asymtomatic or may be marked by tenesmus [ineffectual and painful straining at stool], anorectal pain, and bloody rectal discharge." Dorland's Illustrated Medical Dictionary 383-84, 1882 (32d ed. 2012).

and tendered a proposed amended complaint. By order dated May 16, 2014, the magistrate judge granted in part the motion to amend, and permitted plaintiff to amend his complaint to assert certain claims, including an Eighth Amendment claim relating to the failure to treat plaintiff's diversion colitis. Instead of filing an amended complaint, on May 21, 2014, plaintiff moved to voluntarily dismiss his complaint without prejudice. The motion was granted on November 25, 2014.

On October 5, 2015, within the one-year period for refiling under Ohio Rev. Code §2305.19, Ohio's savings statute, plaintiff filed a motion to reopen the case. By order dated March 15, 2016, the motion was granted, and the clerk was directed to open a new civil action (the instant case number), with an effective filing date of October 5, 2015. After obtaining several extensions, plaintiff filed his complaint in this case on August 30, 2016. On January 19, 2017, the defendants moved pursuant to Fed. R. Civ. P. 12(b)(2) and (6) to dismiss the complaint, arguing: (1) that plaintiff failed to perfect service on certain defendants; (2) that plaintiff's claims are barred by the two-year statute of limitations for §1983 actions in Ohio, see Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989); and (3) that defendants are entitled to dismissal on qualified immunity grounds.

On May 31, 2017, the magistrate judge issued a report and recommendation, recommending that all claims against Dr. Christenson, Christine Hall, Dr. Akasubo, Inam Khan, Steve Huffman, John DesMarais and the fifty John/Jane Doe defendants be dismissed pursuant to Fed. R. Civ. P. 4(m) for lack of service. Doc. 44, p. 14. The magistrate judge stated that he was not recommending

dismissal on qualified immunity grounds. Doc. 44, p. 14.

The magistrate judge further recommended that plaintiff's Eighth Amendment claims relating to his shoulder prosthesis, Crohn's disease, hernias and pain management be dismissed as barred by the statute of limitations. Doc. 44, pp. 11-14. The magistrate judge concluded that the only claim preserved under the Ohio savings statute is the Eighth Amendment claim alleging the failure to treat the diversion colitis condition asserted against ODRC Chief Medical Officer John Gardner; ODRC Medical Director Dr. Andrew Eddy; Dr. Arthur Hale, Chief Medical Officer at the Pickaway Corrections Institute ("PCI"); and Anthony Ayres, Health Care Administrator at PCI. Doc. 44, pp. 11-14. The magistrate judge relied on plaintiff's allegations that two years after the 2009 discovery of the diversion colitis condition (i.e., sometime in 2011), Gardner approved the use of enemas for treatment of the condition, but that these treatments were discontinued and the above defendants refused to resume these treatments. The magistrate judge concluded that because this alleged decision not to resume the approved treatments was made within the limitations period, which began on August 10, 2010, this claim was not barred. Doc. 44, p. 11.

The magistrate judge observed that the savings statute preserved this claim only to the extent that it existed at the time of plaintiff's voluntary dismissal of the action on November 25, 2014. Doc. 44, p. 13. Because the diversion colitis claim at that time only addressed the time period through the filing of plaintiff's motion to amend on September 6, 2013, the magistrate judge recommended that the motion to dismiss be denied as to this

3

claim only for constitutional violations occurring within the limitations period through September 6, 2013. Doc. 44, pp. 13-14.

On June 13, 2017, defendants filed a partial objection to the report and recommendation. Defendants object to the recommendation to deny dismissal of the Eighth Amendment diversion colitis claim against defendants Gardner, Eddy, Hale and Ayres on statute of limitations and qualified immunity grounds. Doc. 45. Plaintiff did not file objections to the report and recommendation.

II. Standards of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim, Campbell v. PMI Food Equipment Group, Inc., 509 F.3d 776, 780 (6th Cir. 2007).

III. Defendants' Objection

A. Plaintiff's Allegations - Eighth Amendment Claim

To establish an Eighth Amendment violation based on the failure to provide medical care, a prisoner must show that he has a serious medical condition and that the defendants displayed a deliberate indifference to his health. Farmer v. Brennan, 511 U.S. 825, 839 (1994). A medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Blackmore v. Kalamazoo County, 390 F.3d 890, 897 (6th Cir. 2004). The seriousness of a prisoner's medical needs may also be demonstrated by the effect of delay in treatment, including the delayed administration of medication. Id. at 897; see also Westlake v. Lucas, 537 F.2d 857, 860-861 (6th Cir. 1976)(prisoner states a claim when he alleges that prison authorities denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or a threat of tangible residual injury; district court erred in dismissing case at the pleading stage where prisoner alleged that he was forced to endure a period of intense discomfort

5

because his pleas for medical assistance went unheeded). In evaluating the seriousness of a medical condition, courts consider a variety of factors, including whether the condition is one that a doctor or other health care professional would find worthy of treatment, and whether it causes (or, if left untreated, has the potential to cause) chronic and substantial pain. <u>Chance v. Amrstrong</u>, 143 F.3d 698, 702-03 (2d Cir. 1998). In addition, to be liable under the Eighth Amendment deliberate indifference standard, officials must subjectively know of and disregard an excessive risk to inmate health or safety, must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion. <u>Farmer</u>, 511 U.S. at 844.

The allegations in the current complaint concerning plaintiff's colitis condition are as follows:

> 53) During recovery from the 2009 hernia repair it was discovered Plaintiff also had diversion colitis and the treating physician at OSUMC started short-chain fatty-acid enemas as the normal/standard treatment[.]
>
> 54) Upon Plaintiff's discharge from OSUMC this treatment was discontinued by Defendant Akasubo with no reason given even though symptoms persisted[.]
>
> 55) When Plaintiff was sent back to PCI he complained to his treating physician and was told Defendant DesMarais refused to approve the enemas because they were non-formulary[.]
>
> 56) After 2 years of complaints, bleeding and pain Plaintiff had a meeting with Defendant Gardner who initially approved the enemas[.]
>
> 57) Plaintiff experienced trauma, pain and bleeding during a treatment due to an anal stricture which was later discovered[.]
>
> 58) After this was resolved enough to allow treatment Defendants Gardner, Eddy, Hall, Christenson, Hale, Khan

>and Ayres declined to resume treatment due to "cost and availability" of the enemas[.]
>
>59) Plaintiff continued to suffer pain, bleeding, cramps, etc., due to no treatment and Dr. Levine decided to have him consult with Dr. Alan Harzman for either ileal-anal anastomosis or proctectomy for issues with Diversion Colitis[.]
>
>60) Plaintiff met with Defendant Hale after Dr. Levine and was told there was little chance of himself, Gardner, Eddy, Hall, Christenson or Ayres approving the surgical consult but [he] would submit the request[.]
>
>61) After further complaints Plaintiff was finally approved to see Dr. Harzman but because the consult occurred near the end of Plaintiff's [incarceration] in 2014 Dr. Harzman stated he could not get anything done quick enough and more than likely he would have to wait until after he was released from prison[.]
>
>62) Plaintiff suffered pain, bleeding, mental anguish and other medical complications at the hands of Defendants Akasubo, DesMarais, Gardner, Eddy, Hall, Christenson, Hale, Khan and Ayres from November 2009 to November 2014[.]

Doc. 22, Complaint.  These allegations substantially mirror the allegations contained in the proposed amended complaint submitted by plaintiff on September 6, 2013.  See Case No. 2:12-cv-729, Doc. 32-1.  In granting leave to amend the complaint as to this claim, the magistrate judge concluded that plaintiff's allegations were sufficient to plead an Eighth Amendment claim of deliberate indifference to plaintiff's diversion colitis condition.  See Case No. 2:12-cv-729, Doc. 41, p. 23.  This court agrees that these allegations are sufficient to allege that plaintiff has a serious medical condition which was diagnosed and recognized by a physician and which caused chronic pain, bleeding and cramps, and that defendants Gardner, Eddy, Hale and Ayres acted with deliberate

7

indifference in not providing treatment for this condition.

B. Statute of Limitations

As noted by the magistrate judge, the limitations period begins to run when a plaintiff knows or has reason to know of the injury which is the basis of his action. Kuhnle Bros., Inc. v. County of Geauga, 103 F.3d 516, 520 (6th Cir. 1997). Plaintiff's original complaint was filed on August 10, 2012. Thus, claims based on violations of plaintiff's constitutional rights which occurred and were known to him prior to August 10, 2010, would be barred. The actual actions by prison authorities refusing medical care are the discrete unlawful acts that trigger the statute of limitations. Bruce v. Correctional Medical Services, Inc., 389 F. App'x 462, 466-67 (6th Cir. 2010). The limitations period is not extended by passive inaction or the continual ill effects from an original violation. Eidson v. State of Tennessee Dep't of Children's Servs., 510 F.3d 631, 635 (6th Cir. 2007).

Defendants note that plaintiff knew about the defendants' refusal to provide enema treatment for his diversion colitis upon his return to PCI following hernia surgery in 2009. However, the magistrate judge's recommendation on the limitations question is not based on the initial 2009 refusal to treat plaintiff's colitis with enemas, an act outside the limitations period commencing August 10, 2010. Rather, the magistrate judge relied exclusively on plaintiff's allegations that two years after the hernia surgery (some time in 2011, within the limitations period), Gardner approved the use of enemas, but thereafter, the defendants decided not to continue these treatments. See Doc. 44, p. 11. The court agrees with the magistrate judge that this 2011 decision not to

8

resume treatments constituted a new and "actual action" within the limitations period, see Bruce, 389 F. App'x at 466-67, which was sufficient to preserve this claim under the Ohio savings statute. Plaintiff's Eight Amendment claim concerning the lack of treatment of his colitis, insofar as it is based on this 2011 decision and any other subsequent alleged actions through September 6, 2013, are not barred by the statute of limitations, and this branch of defendants' objection is denied.

C. Qualified Immunity Defense

Defendants also object to the magistrate judge's decision not to recommend dismissal based on their defense of qualified immunity. Under the qualified immunity doctrine, government officials are entitled to qualified immunity for discretionary acts that do not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. Anderson v. Creighton, 483 U.S. 635, 638-39 (1987). The qualified immunity analysis involves asking whether: (1) the facts, viewed in the light most favorable to plaintiff, show a violation of a constitutional right; and (2) the right at issue was clearly established at the time of the alleged misconduct; either of these prongs may be addressed first. Pearson v. Callahan, 555 U.S. 223, 232-36 (2009). Qualified immunity shields individuals not just against liability, but against the suit itself. Id., 555 U.S. at 231.

As the magistrate judge noted, defendants' motion to dismiss contains only a general discussion of qualified immunity cases, with no argument as to why they are entitled to invoke that defense in this case. See Doc. 40, pp. 6-7. In their reply, defendants

9

note that plaintiff did not refer to their discussion of qualified immunity in his response, despite the fact that plaintiff bears the ultimate burden of proving that the defendants are not entitled to qualified immunity.  From plaintiff's silence on this issue, defendants conclude that "Plaintiff does not contest Defendants' entitlement" to the qualified immunity defense.  Doc. 43, p. 6.

This court cannot reasonably infer from plaintiff's failure to respond to defendants' brief reference to the qualified immunity defense in their motion that plaintiff has conceded this issue.  In light of the general, bare-bones nature of defendants' discussion of the qualified immunity defense, plaintiff would be hard pressed to make a meaningful response.  The court also notes that plaintiff is not required to plead facts in the complaint which respond to or refute defendants' qualified immunity defense.  See Goad v. Mitchell, 297 F.3d 497, 501-05 (6th Cir. 2002)(holding that there is no heightened pleading requirement for civil rights plaintiffs in cases in which the defendant raises the affirmative defense of qualified immunity, citing Crawford-El v. Britton, 523 U.S. 574 (1998)).  In fact, although the ultimate burden of proof is on plaintiff to show that the defendants are not entitled to qualified immunity, the defendants bear the initial burden of putting forth facts that suggest that they were acting within the scope of their discretionary authority.  Stoudemire v. Michigan Dep't of Corrections, 705 F.3d 560, 568 (6th Cir. 2013).  Defendants did not do so in their motion to dismiss.

For the first time in their objection, see Doc. 45, p. 8, defendants note the allegation that plaintiff "experienced trauma, pain and bleeding during a treatment due to an anal stricture which

10

was later discovered[.]" See Complaint, ¶ 57. From this language, defendants argue that plaintiff "acknowledges that it was appropriate to discontinue 'enemas'" and that plaintiff "concedes" that it was not deliberate indifference for defendants to cease providing the enemas as they were causing plaintiff trauma, pain and bleeding.  Doc. 45, p. 8  Defendants contend that in light of the side effects mentioned in paragraph 57, they are entitled to qualified immunity because they acted reasonably in discontinuing treatment and did not deprive plaintiff of a constitutional right. Doc. 45, p. 8.

Defendants' failure to make this latest argument before the magistrate judge constitutes a waiver of that argument for purposes of this report and recommendation. See Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000).  Even assuming that this argument is properly asserted for the first time in the objection, it ignores the next allegation in the complaint, which states that after the adverse side effects were "resolved enough to allow treatment[,]" the defendants declined to resume treatment. Complaint, ¶ 58.  The language in the complaint simply does not support defendants' arguments that plaintiff "concedes" or "acknowledges" their entitlement to qualified immunity.

Furthermore, the Sixth Circuit has noted that although a defendant's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, "it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity." Wesley v. Campbell, 779 F.3d 421, 433 (6th Cir. 2015).  Rather, the earliest possible point "is usually summary judgment and not dismissal under

11

Rule 12." Id. at 433-34. See also Grose v. Caruso, 284 F. App'x 279, 283-84 (6th Cir. 2008)(in case alleging Eighth Amendment claim of inadequate medical treatment, Rule 12(b)(6) motion to dismiss on basis of qualified immunity was premature; the subjective state of mind of prison officials was a fact-specific inquiry, and plaintiff had not yet had the opportunity to initiate discovery or to develop a factual record upon which the qualified immunity determination could be based). Defendants make their arguments concerning the reasonableness of their treatment decisions before discovery and without the benefit of any medical evidence in the record. Dismissal on the grounds of qualified immunity would be premature.

III. Conclusion

In accordance with the foregoing, the court agrees with the report and recommendation (Doc. 44), and it is hereby adopted. Defendants' objection (Doc. 45) is denied. The motion to dismiss (Doc. 40) is granted in part and denied in part. All claims against Dr. Christenson, Christine Hall, Dr. Akasubo, Inam Khan, Steve Huffman, John DesMarais, and the John/Jane Doe defendants are dismissed without prejudice pursuant to Rule 4(m). All other claims are dismissed with the exception of the timely Eighth Amendment claim relating to the failure to treat plaintiff's diversion colitis through September 6, 2013, against John Gardner, Dr. Andrew Eddy, Dr. Arthur Hale and Anthony Ayres.

Date: July 14, 2017             _____s/James L. Graham_____
                                James L. Graham
                                United States District Judge