# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BENJAMIN HENDRICKS,**

   **Plaintiff,**

 v.          **Civil Action 2:15-cv-3130**
              **Judge James L. Graham**
              **Magistrate Judge Chelsey M. Vascura**

**ANDREW EDDY,** *et al.***,**

   **Defendants.**

## REPORT AND RECOMMENDATION

  Plaintiff, Benjamin Hendricks ("Plaintiff"), a former Ohio state prison inmate, brings this action under 42 U.S.C. § 1983 against several officials of the Ohio Department of Rehabilitation and Correction ("ORDC") for violation of his constitutional rights while incarcerated. This Court previously dismissed all defendants and all of Plaintiff's claims except for his Eighth Amendment claim relating to the failure to treat Plaintiff's diversion colitis against Defendants John Gardner, Dr. Andrew Eddy, Dr. Arthur Hale, and Anthony Ayres. (ECF No. 49.) The remaining Defendants now move for summary judgment on this claim. (ECF No. 83.) Plaintiff has not to date filed a memorandum in opposition and the time to do so has now expired. For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED**.

        **I.**  **FACTUAL BACKGROUND**

  A detailed summary of this case's convoluted procedural history is set forth in the Court's Order of July 14, 2017 (ECF No. 49) and will not be repeated here. As to the facts

underlying Plaintiff's sole remaining claim, Plaintiff alleged in his Complaint that he was initially diagnosed with diversion colitis in 2009, at which time he was prescribed short-chain fatty-acid enemas "as the normal/standard treatment." (Compl. ¶ 53, ECF No. 22.) However, Plaintiff alleges that over the next two years, while incarcerated at the Pickaway Corrections Institute, he was denied the prescribed enemas. (*Id.* ¶¶ 54–55.) In 2011, Plaintiff alleges he met with Defendant Gardner who approved the enemas, yet Defendants Eddy, Hale, and Ayres "declined to resumed treatment due to 'cost and availability' of the enemas." (*Id.* ¶¶ 56, 58.) Due to the lack of treatment, Plaintiff alleges non-party Dr. Levine recommended that he consult with non-party Dr. Hartzman regarding surgery, but that Defendants Hale, Gardner, Eddy, and Ayres delayed the surgical consult until 2014, near the end of Plaintiff's incarceration, when Dr. Hartzman did not have sufficient time to treat Plaintiff. (*Id.* ¶¶ 59–61.) Plaintiff assets that Defendants' actions amounted to deliberate indifference to his diversion colitis in violation of the Eighth Amendment.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

"The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

## III.  ANALYSIS

Defendants make several arguments as to why they are entitled to summary judgment: (1) to the extent Plaintiff has asserted claims against Defendants in their official capacity, those claims are barred by Eleventh Amendment immunity; (2) Plaintiff's claims are barred by his failure to exhaust administrative remedies through the prison grievance system; (3) Plaintiff's claims fail on the merits because no Defendant denied Plaintiff treatment for his diversion colitis; and (4) Defendants are entitled to qualified immunity. The undersigned will consider each argument in turn.

**A.  Any claims against Defendants in their official capacity are barred by the Eleventh Amendment.**

Plaintiff's Complaint does not specify whether Defendants are sued in their official or individual capacity. The undersigned concludes that, to the extent Plaintiff seeks monetary damages against Defendants in their official capacities, his claims are barred by the Eleventh

Amendment. The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Moreover, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)). Thus, it is immaterial that Plaintiff named individual officials of ODRC rather than the state of Ohio; Ohio is the real party in interest in the official capacity claim. Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

Accordingly, it is **RECOMMENDED** that Plaintiff's claims against Defendants in their official capacities be **DISMISSED**.

**B.      Plaintiff failed to exhaust his administrative remedies.**

In this case, there is uncontroverted evidence that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). As the Sixth Circuit Court of Appeals has explained:

> The Prison Litigation Reform Act requires state prisoners to follow and exhaust all applicable state grievance procedures before filing suit in federal court. *See* 42 U.S.C. 1997e(a); *Woodford v. Ngo*, 548 U.S. 82, 90 [ ] (2006). This requirement is not jurisdictional; rather, exhaustion is an affirmative defense that must be pleaded and proved by the defendants. *Jones* [*v. Bock*], 549 U.S. [199,] 212 [(2007)]. When the defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could

4

find that the plaintiff exhausted his administrative remedies. *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012).

There is no uniform federal exhaustion standard. A prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution. *Jones*, 549 U.S. at 217-19[ ]. "This court requires an inmate to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether 'those efforts to exhaust were sufficient under the circumstances.'" *Risher* [*v. Lappin*], 639 F.3d [236,] 240 [(6th Cir. 2011)] (quoting *Napier v Laurel Cty.*, 636 F.3d 218, 224 (6th Cir. 2011)).

*Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

The purpose of the exhaustion requirement "'is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court.'" *Id.* at 591 (quoting *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010)). Requiring inmates to exhaust prison remedies in accordance with state procedures furthers this objective and "'prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation in the process.'" *Id.*

In Ohio, the inmate grievance procedures are set forth in Ohio Administrative Code § 5120–9–31. This regulation creates a three-step process governing requests by inmates for relief "regarding any aspect of institutional life that directly and personally affects the [inmate]." O.A.C. § 5120-9-31(A), (K). The first step requires an inmate to "file an informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." O.A.C. § 5120-9-31(K)(1). If the inmate is dissatisfied with the result, he may file a formal grievance with the inspector of institutional services at his institution. O.A.C. § 5120-9-31(K)(2). If an inmate remains dissatisfied, he may file an appeal to the office of the chief inspector. O.A.C. § 5120-9-31(K). An inmate has not

5

exhausted his remedies under § 5120-9-31 until he has received a decision on his appeal to the office of the chief inspector. *Younker v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-00749, 2013 WL 3222902, at *4 (S.D. Ohio June 25, 2013). Further, § 5120-9-31(K) requires that informal complaints and grievances set forth specific information, including

> dates, times, places, the event giving rise to the complaint and, if applicable, the name or names of personnel involved and the name or names of any witnesses.... In the event an inmate does not know the identity of the personnel involved, a "John/Jane Doe" complaint may be filed. However, the complaint shall be specific as to dates, times, places, physical descriptions of any unidentified personnel and the actions of said personnel giving rise to the complaint.

O.A.C. § 5120-9-31(K).

In support of their position, Defendants have submitted a copy of Plaintiff's Appeal to the Chief Inspector dated March 24, 2011. (ECF No. 83-1). Plaintiff failed to file any response to Defendants' motion, and therefore, the Court relies solely on the evidence designated by Defendants. *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 n.11 (6th Cir. 2014); *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).

The Court's review of Plaintiff's Appeal to the Chief Inspector reveals that, while it discusses denial of treatment for his diversion colitis, it describes the actions only of Martin Akasubo, Nneka Ezeneke, Dr. Levine, Dr. Mendell, and "John/Jane Doe in ODRC Central Office" (some of whom were initially named as defendants in this action and were subsequently dismissed). (ECF No. 83-1.) Further, Plaintiff states that his complaint is "against Martin Akasubo, Nneke Ezeneke, and John/Jane Doe for interfering with a prescribed course of treatment and against Dr. Levine for changing the prescription because of cost issues with ODRC." (*Id.*) The form neither mentions any of the current Defendants by name nor describes any conduct attributed to them in the Complaint by which they could be identified. In the absence of identifying information in this document, the Court cannot conclude that any issue of

material fact exists as to whether Plaintiff exhausted his administrative remedies with respect to any claims against the remaining Defendants. He has not. Consequently, the undersigned recommends that Defendants' Motion for Summary Judgment be granted as to all claims against Defendants in their individual capacities and that those claims be dismissed without prejudice for failure to properly exhaust his administrative remedies. *See Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2006) (citing *Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir. 2000)) ("A dismissal under § 1997e should be without prejudice.")[1]

### IV. DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** Defendants' Motion for Summary Judgment (ECF No. 83).

### V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

---

[1] The undersigned finds Plaintiff's failure to exhaust administrative remedies dispositive; thus, the undersigned need not, and does not, resolve the alternative bases Defendants assert in support of summary judgment.

7

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*<br>
CHELSEY M. VASCURA<br>
UNITED STATES MAGISTRATE JUDGE